**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

William Holmes, Appellant.

Appellate Case No. 2018-001642

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

Unpublished Opinion No. 2021-UP-249
Submitted April 1, 2021 – Filed June 30, 2021

**AFFIRMED**

Jason Thomas Yonge, of Williams, Stitely & Brink, PC, of Lexington; and Chief Appellate Defender Robert Michael Dudek, of Columbia, both for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

**PER CURIAM:** William Holmes appeals his convictions for manufacturing crack cocaine and possession of cocaine. He argues the trial court erred in denying his

motion to suppress evidence obtained following a knock and talk, asserting the officers lacked reasonable suspicion.  We affirm.

On March 6, 2015, officers of the North Charleston Police Department executed a knock and talk on an apartment and observed Holmes and Darell Boston manufacturing crack cocaine.  Holmes and Boston were charged with various drug crimes, tried jointly, and found guilty.  Before trial, Holmes and Boston both moved to suppress the evidence seized from the apartment, arguing the officers lacked reasonable suspicion and the knock and talk violated their right to privacy under the South Carolina Constitution.  *See generally* S.C. Const. art. I, § 10 ("The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures and unreasonable invasions of privacy shall not be violated . . . ."); *State v. Counts*, 413 S.C. 153, 174, 776 S.E.2d 59, 71 (2015) (holding an officer must have reasonable suspicion of illegal activity before conducting a knock and talk).  The trial court found the officers had reasonable suspicion and denied the motions.  Holmes and Boston appealed separately, but both asserted the trial court erred in finding the officers had reasonable suspicion.

This court recently decided Boston's appeal, affirming the trial court's finding that the officers had reasonable suspicion and its denial of the motion to suppress.  *See State v. Boston*, 433 S.C. 177, 185–86, 857 S.E.2d 27, 31–32 (Ct. App. 2021).  Because Boston's and Holmes's appeals concern the same factual circumstances and legal arguments, this court's affirmance of the trial court's finding of reasonable suspicion in *Boston* applies to Holmes's appeal.

Therefore, Holmes's convictions are

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.